UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10482

ARISTIDES CARDOSO

v.

CITY OF BROCKTON, LINDA M. BALZOTTI, CHIEF OF POLICE
EMANUEL GOMES, OFFICER ROBERT GRAYSON, AND POLICE
LIEUTENANT CHRISTOPHER LA FRANCE

SUPPLEMENTAL MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

January 22, 2015

STEARNS, D.J.

On November 26, 2014, the court dismissed the majority of plaintiff Aristides Cardoso's Civil Rights Act and common-law claims against various defendants, save two claims against defendant Officer Robert Grayson — a § 1983 claim based on an alleged false arrest and a common-law claim of malicious prosecution. Relying on *Kossler v. Crisanti*, 564 F.3d 181, 194 (3d Cir. 2009) (en banc), the court observed that "imposition by the [state] court of pretrial probation from March 18, 2010, until December 17, 2010, would preclude Cardoso from demonstrating the fourth element of his claim — a termination of the underlying proceeding in his favor." *See Cardoso v. City of Brockton*, 2014 WL 6682653, at *n.10 (D.

1

Mass. Nov. 26, 2014). However, defendants had failed to adequately demonstrate the disposition of disorderly conduct charge brought against Cardoso. Absent such an explanation, the court scheduled the outstanding counts against Grayson for trial on February 2, 2015.

On January 20, 2015, defendants filed a supplemental memorandum with an attested record of the disposition of Cardoso's underlying criminal case. *See* Dkt #79-1. The record demonstrates that on March 18, 2010, a Judge of the Brockton District Court placed Cardoso on pretrial probation on the disorderly conduct charge and fined him $150.[1] *Id.* at 1. Cardoso's probation ended (apparently without incident) on December 17, 2010, and his criminal case was dismissed.

A disposition of pretrial probation does not amount to the "favorable" termination of Cardoso's criminal charges necessary to enable his civil suit against Grayson to proceed. *Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005); *see also Taylor v. Gregg,* 36 F.3d 453, 455-456 (5th Cir. 1994) ("A 'pre-trial diversion order' is not a favorable termination . . . criminal defendants are effectively foregoing their potential malicious prosecution suit in exchange for conditional dismissal of their criminal charges.").

---

[1] The Court also found Cardoso "not responsible" for two motor vehicle infractions.

Rather, pretrial probation is a "court supervised compromise." *Gilles*, 427 F.3d at 211. "Probation constitutes an 'unfavorable' period of judicially imposed limitations on freedom in which the probationer's violation of the program's terms may result in criminal prosecution." *Id.*, citing *Singleton v. City of New York*, 632 F.2d 185, 193-195 (2d Cir. 1980).

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles*, 427 F.3d at 209, citing *Heck*, 512 U.S. at 483.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-487; *see also Kennedy v. Town of Billerica,* 2014 WL 4926348, at *3 (D. Mass. Sept. 30, 2014) (O'Toole, J.) (holding that a criminal defendant's acceptance of participation in a Massachusetts court's pretrial diversion program barred a subsequent § 1983 false arrest claim). I agree

3

with Judge O'Toole in the matter. Consequently, the claims against Grayson will be dismissed.

ORDER

For the foregoing reasons, judgment will enter for Officer Robert Grayson on Cardoso's Fourth Amendment false arrest Claim (Count II) and the common-law malicious prosecution claim (Count XII). The bifurcated § 1983 claims against former Mayor Balzotti, Chief Gomes, Lieutenant La France, and the City of Brockton are DISMISSED with prejudice as derivative of the claims against Officer Grayson. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (verdict in favor of defendant officer on plaintiff's excessive force claim precluded liability on the part of his supervisors and employer). The Clerk will enter judgment accordingly and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE